# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JESUS GUTIERREZ, III,<br><br>Petitioner<br><br>v.<br><br>T. FOSS, WARDEN,<br><br>Respondent. | Case No. EDCV 19-700-JGB (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS AND LACK OF COGNIZABILITY |

On April 17, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1, "Petition"). The Petition stems from Petitioner's May 2008 conviction in Riverside County Superior Court Case No. RIF120845 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. E046680). On September 14, 2010, the California Court of Appeal affirmed the judgment. On October 13, 2010, the California Court of Appeal denied rehearing. Petitioner then filed a petition for review with the California Supreme Court, which was denied on January 19, 2011 (Case No. S187586).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court.

On December 29, 2011, Petitioner filed a Section 2254 habeas petition in this District, in Case No. EDCV 11-2064-GAF (OP) (the "Prior Federal Petition"). On November 8, 2013, the Prior Federal Petition action was dismissed without prejudice based upon Petitioner's failure to exhaust his available state remedies. Petitioner appealed, and on August 14, 2014, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability (No. 14-55016).

A year and three months passed. On November 24, 2015, Petitioner filed a habeas petition in the Riverside County Superior Court (Case No. RIC1513989), which was denied on November 25, 2015.

Two years and three months passed. On March 5, 2018, Petitioner filed another habeas petition in the Riverside County Superior Court (Case No. RIC1804450), which was denied on March 20, 2018. (Petition Ex. F.) Petitioner filed a motion for reconsideration (Petition Ex. D), which was denied on April 24, 2018 (Petition Ex. H). Meanwhile, on April 9, 2018, Petitioner filed an additional habeas petition in the Riverside County Superior Court (Case No. RIC1806719), which was denied on May 2, 2018 (Petition Ex. G).

On June 29, 2018, Petitioner filed a habeas petition in the California Court of Appeal (Case No. E070791). That petition was denied on August 8, 2018. (Petition Ex. I.) On September 12, 2018, Petitioner filed a habeas petition in the California Supreme Court (Case No. S251273). That petition was denied on March 27, 2019. (Petition Ex. J.)

In the meantime, on January 4, 2019, Petitioner filed yet another trial court habeas petition (Case No. RIC1900522), which was denied on January 25, 2019. On February 14 and 25, 2019, the trial court denied Petitioner's motion for reconsideration. On March 8, 2019, Petitioner filed a habeas petition in the California Court of Appeal (Case No. E072282), which as of the date of this Order, is pending.

**THE CLAIMS ALLEGED IN THE PETITION**

The Petition alleges three claims. In Ground One, Petitioner alleges that he was deprived of his federal rights to due process and equal protection when in May 2008, in connection with his present sentence, the trial court erroneously found that a weapons enhancement for a prior 1993 California Penal Code § 245(a)(1) conviction had been stayed rather than stricken. Petitioner contends that this violated the plea agreement for his 1993 prior conviction. (Petition at 3 and 3(a)(1)-(a)(3).) In Ground Two, Petitioner alleges that he was deprived of his federal rights to due process and equal protection when in September 2008, in connection with his present sentence, the trial court imposed an "unauthorized" sentence. (Petition at 3 and 3(b)(1)-(b)(2).)[2] In Ground Three, Petitioner alleges that the trial court deprived him of his federal rights to due process and equal protection by the manner in which it resolved his habeas petitions in Case Nos. RIC1804450 and RIC1806719. (Petition at 4 and 4(a)(1)-(a)(2).)

**GROUND THREE IS NOT COGNIZABLE**

In Ground Three, Petitioner complains that the manner in which the Riverside County Superior Court denied two habeas petitions he had filed in the first part of 2018 deprived him of his federal rights to due process and equal protection in some unspecified manner. This claim fails on its face, because it is not cognizable.

"[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," because "[t]he

---

[2] The manner is which Petitioner contends his sentence is "unauthorized" pursuant to Ground Two is uncertain. Although Petitioner alleges that the sentence is unauthorized "under" *Dretke v. Haley*, 541 U.S. 386 (2004), that decision resolved a procedural default issue, *i.e.,* the order in which claims should be considered when one is alleged to be procedurally defaulted and the petitioner alleges actual innocence. It may be that Petitioner contends he is "actually innocent" of the habitual offender enhancements imposed in connection with his sentence, although this is unclear. In any event, in Ground Two, Petitioner is complaining about something that happened in September 2008, in connection with his sentence.

habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (*per curiam*) (citing 28 U.S.C. § 2254(a)).  Federal habeas relief is not available to redress errors in state post-conviction proceedings.  *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"); *see also Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (due process claim challenging trial court's failure to conduct in camera inspection of file during post-conviction evidentiary hearing was not cognizable on federal habeas review); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (claim alleging bias by post-conviction relief judge was not cognizable in federal habeas proceeding).  A claim that a state post-conviction court did not follow state procedures correctly is not a claim challenging the federal legality of the petitioner's detention for purposes of Section 2254(a).  *See Franzen*, 877 F.2d at 26.  An attack on the petitioner's state post-conviction proceedings "is an attack on a proceeding collateral to the detention and not the detention itself." *Nicholas v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (internal citation and quotation marks omitted).  Thus, even if the habeas claims Petitioner presented to the Riverside County Superior Court that were denied might be cognizable in this action, the manner in which the state court resolved the claims in post-conviction proceedings does not constitute a separate and distinct basis for habeas relief and any challenge to it is not cognizable here.

The Court notes that, in Ground Three, Petitioner relies on *Leland v. Oregon*, 343 U.S. 790 (1952), without explanation (Petition at 4.)  That decision, however, has nothing do with Petitioner or any of the claims he raises; rather, *Leland* involved insanity pleas and the constitutionality of an Oregon statute that placed the burden of proving an insanity defense beyond a reasonable doubt on the accused.  Nothing

4

in *Leland* possibly could render Ground Three cognizable.

Ground Three, on its face, does not present any basis for federal habeas relief. Accordingly, the claim should be summarily dismissed.

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).[3] Given the nature of the claims alleged in the Petition and the record available, the subpart (d)(1)(A) limitations period is the one that applies to the Petition. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which his state direct appeal became final. The California Supreme Court denied review on November 19, 2011, and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on February 17, 2012, and his limitations period commenced running the next day. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, Petitioner had until February 17, 2013, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which

---

[3] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

5

a "properly-filed" application for post-conviction relief is "pending" in state court. While the Prior Federal Petition was filed before Petitioner's limitations period expired, it cannot serve as a basis for Section 2244(d)(2) statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). And while Petitioner filed numerous state court habeas petitions, as recounted above, he did not file his first one until November 24, 2015, over two and a half years after his limitations period already had expired. As a result, neither that initial trial court habeas petition nor any of the subsequent habeas petitions he filed in the various levels of the state courts can serve as a basis for statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Therefore, Petitioner's limitations period expired on February 17, 2013, over six years *before* the instant Petition was signed (April 9, 2019) and mailed to the Court. The Petition thus is substantially untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis – in fact, he actually did so through the Prior Federal Petition, in which he raised over six claims. Indeed, Petitioner has shown himself to be a vigorous litigant, as his history of state court filings recounted above shows. There also is nothing in the record that explains, much less justifies, Petitioner's delay in bringing the instant action. Ground One and Two are based upon events that occurred at sentencing in May and September 2008, at which Petitioner was present.[4] There is no reason apparent why these two claims could not have been brought on a timely basis, particularly given that, as of late 2011, Petitioner *was* able to formulate and pursue multiple federal habeas claims stemming from his state court conviction and to thereafter pursue an appeal when the Prior Federal Petition was dismissed, because those claims were not exhausted.

There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely by over six years.

\* \* \* \* \*

---

[4] While Ground Three is based upon March and May 2018 state court orders, as explained above, the claim is not cognizable, regardless of whether or not it could be considered timely. Each claim in a Section 2254 habeas petition must be assessed on a claim-by-claim basis for timeliness. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

7

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds of untimeliness and lack of cognizability. By no later than **May 27, 2019**, Petitioner shall file a Response to this Order To Show Cause addressing this issue as follows: if Petitioner concedes that this action is untimely, he shall so state clearly; but if Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action. In addition, with respect to Ground Three, Petitioner shall state clearly whether or not he concedes that Ground Three is not cognizable and, if he contends that the claim is cognizable, must demonstrate how so.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the grounds of untimeliness and lack of cognizability.**

**IT IS SO ORDERED.**

DATED: April 22, 2019.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE