O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JESUS GUTIERREZ, III,<br><br>Petitioner<br><br>v.<br><br>T. FOSS, WARDEN,<br><br>Respondent. | Case No. 5:19-cv-00700-JGB (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his Objections, Petitioner has made new assertions and attached documents not previously presented in this action or in connection with the issues addressed by the Report. A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court has exercised its

discretion to consider these new assertions and new evidence, but concludes that they do not affect or alter the analysis and conclusions set forth in the Report and need not be addressed, with the following exceptions.[1]

In the Objections, Petitioner asserts for the first time that he is entitled to receive statutory tolling in connection with a newly-identified habeas petition that was filed in the wrong court, specifically, the habeas petition proceeding he comenced in the Monterey County Superior Court on March 23, 2012, and which terminated on May 24, 2012, Case No. HC7681.[2] As noted in the Report, Petitioner's limitations period began running on April 13, 2011, and expired on April 12, 2012, unless tolled. Even if, *arguendo*, 28 U.S.C. § 2244(d)(2) would apply to this incorrectly-filed petition, at most, it tolled the running of Petitioner's limitations period as follows: when the petition was filed on March 23, 2012, the limitations period, which had 20 days remaining, stopped running; when the Monterey County Superior Court petition was concluded on May 24, 2012, the limitations period recommenced running the next day; and it expired 20 days later, namely, on June 13, 2012. Petitioner did not file another state habeas petition until November 24, 2015, which was three years and five months later and long after his limitations period had expired in mid-2012. Thus, affording Petitioner statutory tolling for the belatedly-identified habeas petition has no effect on the timeliness analysis or the conclusion of untimeliness.

The Objections also make the novel argument that, because appellate courts can

---

[1] The Objections are unsigned, in violation of Fed. R. Civ. P. 11(a). Although this alone could preclude consideration of them, the Court has exercised its discretion to consider them, although that said, not being signed or made under penalty of perjury, they lack evidentiary competence.

[2] Pursuant to Fed. R. Evid. 201, the Court has taken judicial notice of the docket for Case No. HC7681, which shows that an Order issued on May 24, 2012, closing the case, although it does not specify the nature of that Order. Petitioner's mail log appended to the Objections as Exhibit B shows his receipt, on June 8, 2012, of something from the Monterey County Superior Court, presumably a copy of this Order.

correct sentencing errors and because Grounds One and Two assert sentencing errors, the Petition is exempt from the provisions of the AEDPA. Suffice it to say, this assertion is so obviously incorrect that it needs no discussion.

The Objections more clearly state what was implicit in Petitioner's prior arguments, namely, his contention that he is "actually innocent" of his sentence, because he claims that errors occurred at sentencing that render his sentence unlawful. This contention, too, needs no further discussion; the Report (at p. 12 n.5) fully explained the fallacy in this argument.

Finally, the Court acknowledges Petitioner's statement that Criminal Defense Lawyers were appointed to represent him at trial and not on appeal and deems the Report (at p. 14, lines 11-12) so amended. This correction, however, has no effect on the analysis and findings of the Report, which remain correct.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that this action is dismissed with prejudice on the basis that Grounds One and Two are untimely and Ground Three is not cognizable.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: November 19, 2019

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE